Filed 3/30/22  P. v. Ashby CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C094285 |
| Plaintiff and Respondent, | (Super. Ct. No. 17F6605) |
| v. | |
| AARON WILLIAM ASHBY, | |
| Defendant and Appellant. | |

This appeal comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  In 2018, defendant Aaron William Ashby pleaded no contest to two counts of receiving a stolen motor vehicle, both felonies under Penal Code section 496d,[1] subdivision (a), stemming from two separate cases:  case Nos. 17F6605 and 17F5498. As to the count in case No. 17F6605, defendant admitted that he sustained a prior serious and/or violent felony conviction (§ 667.5, subd. (b)).  As to both counts, defendant

---

[1]  Undesignated statutory references are to the Penal Code.

1

admitted a special allegation of aggregate and consecutive terms for multiple convictions (§ 1170.12). He was sentenced to a total of eight years four months in state prison.

Defendant subsequently filed a petition for resentencing under section 1170.18. The prosecutor filed an opposition to the petition, arguing the specified offenses were not eligible under section 1170.18, the total value of the property exceeded $950, and that defendant posed an unreasonable risk to public safety. The trial court denied the petition, finding "[d]efendant's plea included a factual basis which he agreed to. That was a felony factual basis." Defendant timely appealed from that order.

DISCUSSION

Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal in accordance with *People v. Wende, supra*, 25 Cal.3d 436. Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and defendant has not filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a postconviction petition is an open question. Our Supreme Court has not spoken on that issue, although the issue is currently pending before it. (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.) Arguably, review is required pursuant to *Wende* or its federal constitutional counterpart, *Anders*, only in the first appeal of right from a criminal conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.) In *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870, we described the *Anders/Wende* procedure we believed applicable to appeals from postconviction petitions: " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the

2

appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' " (*Id.* at pp. 112-113.)

Because appellate counsel complied with his obligations, and defendant was advised of his right to file a supplemental brief, but did not do so, we consider defendant's appeal abandoned and order the appeal dismissed.

DISPOSITION

The appeal is dismissed.


      KRAUSE      , J.


I concur:


    HOCH      , J.

MAURO, Acting P. J., Dissenting.

As the majority correctly explains, whether the protections afforded by *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from a postconviction petition for resentencing under Penal Code section 1170.18 remains an open question. The California Supreme Court has not addressed the issue. The *Anders*/*Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been reluctant to expand their application to other proceedings or appeals. (See, e.g., *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nevertheless, until the California Supreme Court has decided this particular issue, I would adhere to *Wende* in the present case where counsel has already undertaken to comply with *Wende* requirements.

_____MAURO_____, Acting P. J.

1